

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | UNDER SEAL |
| | : | |
| v. | : | INDICTMENT |
| | : | |
| JAMES FRANK AUSTIN, JR. | : | CRIMINAL NO. 5:24-CR-_____ |
| and | : | |
| ROSALEND WAY | : | VIOLATIONS: |
| | : | 18 U.S.C. § 1344 |
| | : | 18 U.S.C. § 1349 i/c/w |
| | : | 18 U.S.C. § 1343 |
| | : | 18 U.S.C. § 1957 |
| | : | 18 U.S.C. § 2 |
| | : | 18 U.S.C. § 981(a)(1)(C) |
| | : | 18 U.S.C. § 982(a)(1) |
| | : | 18 U.S.C. § 982(a)(2) |
| | : | 28 U.S.C. § 2461(c) |

**THE GRAND JURY CHARGES:**

## GENERAL INTRODUCTION

At all times material to this Indictment:

### Relevant Entities

1. Austin Smith Center for Community Development ("ASCCD") was an entity established by **JAMES FRANK AUSTIN, JR.**

2. Propel Opportunity Fund ("POF") was an entity established by **JAMES FRANK AUSTIN, JR.**

3. POF had an account with Renasant Bank wherein **JAMES FRANK AUSTIN, JR.** was the authorized signer for POF's Renasant account ending in 2481.

### The Paycheck Protection Program

4. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating

1

third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

5. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

6. PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers located in Virginia. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

7. The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

8. Cross River Bank ("Cross River") was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

9. Kabbage, Inc. ("Kabbage") was a was a third-party participating lender in the PPP.

10. Legacy Bank ("Legacy") was a was a third-party participating lender in the PPP and a federally insured financial institution as defined in 18 U.S.C. § 20.

### PPP Loans Obtained by Relevant Entities

11. The proceeds from ASCCD's PPP loan and both of POF's PPP loans were deposited into POF's Renasant account ending in 2481.

12. On May 9, 2020, ASCCD applied for a $654,315.00 PPP loan with Cross River. This application was submitted in **JAMES FRANK AUSTIN JR.'S** name. This loan was approved and on May 12, 2020, the funds were deposited into POF's Renasant account ending in 2481.

13. On June 21, 2020, POF applied for a $1,051,395.00 PPP loan with Kabbage. This application was submitted by **ROSALEND WAY**. This loan was approved and on June 23, 2020, the funds were deposited into POF's Renasant account ending in 2481.

14. On March 8, 2021, POF applied for a $372,500.00 PPP loan with Legacy. This application was submitted in **JAMES FRANK AUSTIN JR.'s** name. This loan was approved and on March 15, 2021, the funds were deposited into POF's Renasant account ending in 2481.

### COUNT ONE
### (Bank Fraud)

From on or about May 9, 2020, through on or about September 30, 2020, in the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant

**JAMES FRANK AUSTIN JR.,**

did knowingly execute a scheme and artifice to defraud Cross River Bank, a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain by means of false and fraudulent pretenses, representations, and promises moneys, funds,

credits, assets, securities, and other property owned by and under the custody and control of Cross River Bank, all in violation of Title 18, United States Code, Section 1344.

### A. Background

1. The allegations contained in paragraphs 1 through 14 of the General Introduction of this Indictment are incorporated by reference as if set forth fully herein.

### B. The Scheme and Artifice to Defraud

1. On or about May 9, 2020, **JAMES FRANK AUSTIN, JR.** submitted and caused to be submitted a false and fraudulent PPP loan application on behalf of ASCCD.

2. In the false and fraudulent PPP application **JAMES FRANK AUSTIN, JR.** certified to the following:

    a. That ASCCD was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes or paid independent contractors.

    b. That ASCCD would use the funds to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the PPP rules.

3. The false and fraudulent PPP application stated that ASCCD had 15 employees and that ASCCD's average monthly payroll was $654,315.00. As a supporting document for the ASCCD application submitted to Cross River, **JAMES FRANK AUSTIN, JR.** submitted and caused to be submitted false and fraudulent Forms 941 indicating that for each quarter of 2019 ASCCD had 26 employees who were paid a total of $648,908.

4. However, IRS records reflect that as of August 11, 2021, ASCCD had not filed any Forms 941 for 2019, nor had ASCCD filed a corporate tax return. ASCCD's bank statements do not reflect payroll as suggested in the false and fraudulent PPP application.

5. This PPP application was approved and ASCCD was awarded $654,315.00 on May 12, 2020, said funds being deposited into POF's Renasant account ending in 2481.

6. Instead of being spent on payroll or make mortgage interest payments, lease payments, and utility payments as specified under the PPP rules, **JAMES FRANK AUSTIN, JR.** used the majority of these funds for personal use.

All in violation of Title 18, United States Code, Section 1344.

## COUNT TWO
### (Conspiracy to Commit Wire Fraud)

A. Introduction

1. The allegations contained in paragraphs 1 through 14 of the General Introduction of this Indictment are incorporated by reference as if set forth fully herein.

B. The Conspiracy and Its Objects

Beginning on or about June 21, 2020, and continuing until on or about January 31, 2022, in the Macon Division of the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendants,

**JAMES FRANK AUSTIN, JR.,**
and
**ROSALEND WAY,**

did knowingly combine, conspire, confederate, and agree with each other to knowingly and willfully devise a scheme and artifice to defraud and to obtain money by means of false and fraudulent pretenses, representations, and promises, and to transmit and cause to be transmitted by wire in interstate commerce some communication for the purpose of executing the scheme to defraud, in violation of Title 18, United States Code, Section 1343.

The objects of the conspiracy were:

1. To submit and cause to be submitted a false and fraudulent PPP loan application in order to obtain funds; and

2. To enrich themselves, using the PPP loan proceeds for personal use rather than the use allocated under the provisions of the PPP.

C. Manner and Means of the Scheme and Artifice to Defraud

The manner and means whereby the conspiracy was sought to be accomplished were as follows:

1. On or about June 21, 2020, **JAMES FRANK AUSTIN, JR.** and **ROSALEND WAY** submitted and caused to be submitted a fraudulent PPP loan application on behalf of POF. This application listed **ROSALEND WAY** as the primary contact and 100% owner with **JAMES FRANK AUSTIN, JR.'S** email address listed as the contact email.

2. This false and fraudulent PPP application that was electronically signed by **ROSALEND WAY** was sent from an IP address subscribed to **JAMES FRANK AUSTIN, JR.** at an address in Macon, Georgia. Once submitted, the application was sent via electronic wires to the servers located in Virginia.

3. In the false and fraudulent PPP loan application, **ROSALEND WAY** certified to the following:

    a. That POF was in operation on February 15, 2020, and had employees for whom it paid salaries and payroll taxes or paid independent contractors.

    b. That POF would use the funds to retain workers and maintain payroll or make mortgage interest payments, lease payments, and utility payments as specified under the PPP rules.

6

4. The false and fraudulent PPP application stated that POF had 18 employees and that POF's average monthly payroll was $420,558.00. As a supporting document for the POF application, **ROSALEND WAY** and **JAMES FRANK AUSTIN, JR.** submitted a fraudulent W-3 that indicated POF had paid $4,999,789.00 in wages in 2019.

5. However, IRS records reflect that POF's corporate tax return for 2019, that was signed by **JAMES FRANK AUSTIN, JR.** on June 12, 2020, showed that POF did not pay any salaries and wages. POF's bank statements do not reflect payroll as suggested in the false and fraudulent PPP application.

6. This PPP application was approved and POF was awarded $1,051,395.00 on June 23, 2020, said funds being deposited into POF's Renasant account ending in 2481.

7. Instead of being spent on payroll or make mortgage interest payments, lease payments, and utility payments as specified under the PPP rules, **JAMES FRANK AUSTIN, JR.** and **ROSALEND WAY** used the majority of these funds for personal use.

All in violation of Title 18, United States Code, Section 1349.

## COUNT THREE
(Bank Fraud)

From on or about March 8, 2021, through on or about August 31, 2021, in the Middle District of Georgia and elsewhere within the jurisdiction of this Court, the Defendant

**JAMES FRANK AUSTIN, JR.,**

did knowingly execute a scheme and artifice to defraud Legacy Bank, a financial institution, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain by means of false and fraudulent pretenses, representations, and promises moneys, funds, credits, assets, securities, and other property owned by and under the custody and control of Legacy Bank, all in violation of Title 18, United States Code, Section 1344.

### A. Background

1. The allegations contained in paragraphs 1 through 14 of the General Introduction of this Indictment are incorporated by reference as if set forth fully herein.

### B. The Scheme and Artifice to Defraud

1. On or about March 8, 2021, **JAMES FRANK AUSTIN, JR.** submitted and caused to be submitted a PPP second draw loan application on behalf of POF.

2. In the false and fraudulent PPP loan application **JAMES FRANK AUSTIN, JR.** certified to the following:

   a. That POF was in operation on February 15, 2020, has not permanently closed, and was either an eligible self-employed individual, independent contractor, or sole proprietorship with no employees, or had employees for whom it paid salaries and payroll taxes or paid independent contractors.

   b. That POF had received a First Draw PPP loan.

   c. That POF would use the funds to retain workers and maintain payroll or make mortgage interest, rent, utilities, covered operations expenditures, covered property damage costs, covered supplier costs, and covered worker protective expenditures as specified under the PPP rules.

3. The false and fraudulent PPP application stated that POF had 18 employees and that POF's average monthly payroll was $149,000.00. As a supporting document for the POF application submitted to Legacy, **JAMES FRANK AUSTIN, JR.** included a fraudulent 2019 corporate tax return for POF that was dated December 13, 2019. This fraudulent tax return showed that POF paid $4,856,789.00 in salaries and wages in 2019.

4. However, IRS records reflect that POF's corporate tax return for 2019, that was signed by **JAMES FRANK AUSTIN, JR.** on June 12, 2020, showed that POF did not pay any salaries and wages. POF's bank statements do not reflect payroll as suggested in the false and fraudulent PPP application.

5. This PPP application was approved and POF was awarded $372,500.00 on March 15, 2021, said funds being deposited into POF's Renasant account ending in 2481.

6. Instead of being spent on payroll or make mortgage interest payments, lease payments, and utility payments as specified under the PPP rules, **JAMES FRANK AUSTIN, JR.** used the majority of these funds for personal use.

All in violation of Title 18, United States Code, Section 1344.

## COUNT FOUR
### (Money Laundering)

The allegations contained in paragraphs 1 through 14 of the General Introduction of this Indictment are incorporated by reference as if set forth fully herein.

On or about June 4, 2020, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**JAMES FRANK AUSTIN, JR.,**
**and**
**ROSALEND WAY,**

aided and abetted by each other, did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000.00, and which in fact was derived from specified unlawful activity, namely, **JAMES FRANK AUSTIN, JR.** obtained an official check in the amount of $30,880.62 made payable to Mercedes-Benz Financial, for the benefit of paying off a loan in **ROSALEND WAY'S** name, which funds in fact were derived from a specified unlawful

activity, that is the allegations in Counts One and Two of this Indictment; all in violation of Title 18, United States Code, Sections 1957 and 2.

## COUNT FIVE
### (Money Laundering)

The allegations contained in paragraphs 1 through 14 of the General Introduction of this Indictment are incorporated by reference as if set forth fully herein.

On or about July 10, 2020, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court,

**JAMES FRANK AUSTIN, JR.,**

did knowingly engage in a monetary transaction in criminally derived property of a value greater than $10,000.00, and which in fact was derived from specified unlawful activity, namely, **JAMES FRANK AUSTIN, JR.** obtained an official check in the amount of $119,840.00 made payable to Foreign Cars International, for the purchase of a Bentley, which funds in fact were derived from a specified unlawful activity, that is the allegations in Counts One and Two; all in violation of Title 18, United States Code, Section 1957.

## FORFEITURE NOTICE
### (18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(1), 18 U.S.C. § 982(a)(2) and 28 U.S.C. § 2461(c) – Criminal Forfeiture)

1. The allegations contained in Counts One through Five of this Indictment are hereby re-alleged and incorporated by reference into this Notice for the purpose of alleging forfeiture to the United States of America, pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 982(a)(1), and/or Title 18, United States Code, Section 982(a)(2).

2. Upon conviction of the offense(s) in violation of Title 18, United States Code, Section 1344 set forth in Counts One and Three; Title 18, United States Code, Section 1349, in

connection with Title 18, United States Code, Section 1343 set forth in Count Two; and/or Title 18, United States Code, Section 1957 set forth in Counts Four and Five of this Indictment, the defendant(s),

**JAMES FRANK AUSTIN,**
and
**ROSALEND WAY,**

shall forfeit to the United States of America pursuant to Title 18, United States Code, Section 981(a)(1)(C), in conjunction with Title 28, United States Code, Section 2461(c), any property, real or personal, which constitutes or is derived from proceeds traceable to the offense(s), or a conspiracy to commit such offense; any property, real or personal, involved in such offense(s), or any property traceable to such property, pursuant to Title 18, United States Code, Section 982(a)(1); and/or any property, constituting, or derived from, proceeds obtained directly or indirectly, as a result of such violations, or a conspiracy to commit such offense(s), pursuant to Title 18, United States Code, Section 982(a)(2), including, but not limited to, a money judgment in an amount to be determined.

    3.    If any of the property subject to forfeiture, as a result of any act or omission of the defendant(s):

    (a)    cannot be located upon exercise of due diligence;

    (b)    has been transferred, sold to or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), and Title 28, United States Code, Section 2461(c) through Title 18, United States Code, Section 981(a)(1)(C).

All pursuant to 18 U.S.C. § 981, 18 U.S.C. § 982, and 28 U.S.C. § 2461(c).

A TRUE BILL.

*s/Foreperson of the Grand Jury*
FOREPERSON OF THE GRAND JURY

PETER D. LEARY
UNITED STATES ATTORNEY
Presented by:

_____
ELIZABETH S. HOWARD
ASSISTANT UNITED STATES ATTORNEY

Filed in open court this \_\_11\_\_ day of September, AD 2024.

_____
Deputy Clerk

12